Filed 2/9/16  P. v. Driskell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASON SCOTT DRISKELL,<br><br>        Defendant and Appellant. | C075917<br><br>(Super. Ct. No. 12F177) |

Appointed counsel for defendant Jason Scott Driskell asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

On January 9, 2012, law enforcement officers responded to a report of an assault at a hotel.  At the hotel, the officers found Donald Casperson sitting on a bed, holding the

1

right side of his face. Casperson told the officers defendant hit him across the face with a wooden stick when Casperson was unable to repay a $20 loan. Defendant hit Casperson so hard, the stick broke and Casperson fell against the wall and to the ground. Officers were not able to locate defendant in his hotel room.

A few hours later, law enforcement officers responded to the report of a burglary in progress at the residence of James Jenkins. The officers arrived at Jenkins's residence and found him standing at the front door. Defendant was on the ground, his face bleeding. The officers attempted to detain defendant but he refused to comply with their directions. They ultimately had to subdue defendant with a "Taser" before they could handcuff him and put him in the patrol car.

After the officers detained defendant, Jenkins told them he came home to find his laundry room broken into and defendant on the laundry room floor. A physical altercation ensued. A friend of Jenkins's arrived and tried to help Jenkins. Defendant told Jenkins's friend to leave him alone and threatened to kill him.

Because defendant's head was bleeding, the officers took him to the hospital. Apparently under the influence of a controlled substance, defendant fell asleep and did not wake up until he was being transported to the county jail. En route to the jail, defendant began shaking his head from side to side, casting about the blood from his head, some of which landed on one of the officers. The officers knew defendant had AIDS and ordered him to be still.

The People later charged defendant in Shasta County Superior Court case No. 12F177 with burglary, assault with a deadly weapon, resisting arrest, and assault with force likely to inflict great bodily injury on a police officer. The People also alleged defendant served four prior prison terms. Defendant pleaded no contest to the assault charges; the trial court granted him probation for three years and ordered him to serve

2

240 days in county jail. The remaining charges and allegations were dismissed with a *Harvey*[1] waiver, along with several other misdemeanor cases.

On August 17, 2012, the People filed a petition to revoke defendant's probation alleging defendant possessed methamphetamine in July 2012 and failed to report an arrest. Two more probation revocation petitions were filed in November 2012, alleging defendant was "under the influence and unable to care for himself," possessed methamphetamine, and failed to report his arrest on various dates in August, September, and October 2012.

In October 2013, the trial court denied defendant's *Marsden*[2] motion. Defendant subsequently entered into a plea agreement that resolved numerous pending cases, including cases No. 12F177 and 13F342. In case No. 12F177, defendant admitted to violating his probation. In case No. 13F342, defendant (1) admitted to simple possession of methamphetamine and possession of methamphetamine for purposes of sale and (2) admitted he was previously convicted of a strike offense and served a prior term in prison. The remaining charges, allegations, and pending cases were dismissed.

In accordance with defendant's plea agreement, the trial court sentenced defendant to serve an aggregate term of 10 years 4 months in state prison. The trial court imposed various fines and fees and awarded defendant 225 days of custody credit. Having obtained a certificate of probable cause, defendant appeals.

After filing his notice of appeal, defendant petitioned the trial court for resentencing pursuant to Penal Code section 1170.18. In case No. 13F342, the trial court granted defendant's petition reducing his conviction for felony possession for sale to a

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

misdemeanor and deemed his sentence served in full. Accordingly, the trial court resentenced defendant to serve an aggregate term of nine years in state prison.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/

HOCH, J.

We concur:


/s/

HULL, Acting P. J.


/s/

DUARTE, J.


4